UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08477-RGK (Ex) | Date | October 23, 2019 |
|---|---|---|---|
| Title | Carmen John Perri v. Turners Outdoors Inc. et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT COURT JUDGE | |
|---|---|---|
| Sharon Williams (not present) | | Not reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** **ORDER DECLINING SUPPLEMENTAL JURISDICTION AND DISMISSING PLAINTIFF'S UNRUH CLAIM**

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA") and a claim for damages pursuant to California's Unruh Act. Because the Court possesses only supplemental jurisdiction over the Unruh Act claim, and in light of California's statutory efforts to curtail such claims, the Court ordered plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim asserted in the Complaint. *See* 28 U.S.C. §§ 1367(c)(2) & (c)(4). The Court has reviewed the Response filed by plaintiff and plaintiff's counsel to the Court's Order to Show Cause.

**I.    ADA and Unruh Act Claims**

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Under the ADA, "damages are not recoverable . . . only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

The Unruh Act provides: "All persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that a violation of the ADA constitutes a violation of § 51 of the Unruh Act. Cal. Civ. Code § 51(f). Unlike the ADA, the Unruh Act allows for recovery of monetary damages. A plaintiff may recover actual damages for each and every offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). Here,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08477-RGK (Ex) | Date | October 23, 2019 |
|---|---|---|---|
| Title | Carmen John Perri v. Turners Outdoors Inc. et al. | | |

according to plaintiff's Response to the Court's Order to Show Cause, plaintiff seeks a minimum of $8000.00 in statutory damages under the Unruh Act.

**II.    California's Limitations on the Filing of Construction-Related Accessibility Claims**

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornaio (America) Corp.*, CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). California's heightened pleading standard for construction-related accessibility claims require a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). California law requires plaintiffs to verify their complaints alleging construction-related accessibility claims. *See* Cal. Civ. Proc. Code § 425.50(b)(1). A complaint alleging construction-related accessibility claims that is not verified is subject to a motion to strike. *Id*.

When California continued to experience large numbers of these actions, California imposed additional limitations on "high-frequency litigants." These additional restrictions became effective on October 15, 2015. Under California law, a "high-frequency litigant" is defined as:

> A plaintiff who has filed 10 or more complaints alleged a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

Cal. Civ. Proc. Code § 425.55(b)(1). The definition of high-frequency litigant also extends to attorneys. *See* Cal. Civ. Proc. Code § 425.55(b)(2). In support of its imposition of additional requirements on high-frequency litigants, the California Legislature found and declared:

> According to information from the California Commission on Disability Access, more than one-half, or 54 percent, of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. Forty-six percent of all complaints were filed by a total of 14 parties. Therefore, a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08477-RGK (Ex) | Date | October 23, 2019 |
|---|---|---|---|
| Title | Carmen John Perri v. Turners Outdoors Inc. et al. | | |

> accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 (Public Law 101-336).

Cal. Civ. Proc. Code § 425.55(a)(2). In response to these "special and unique circumstances," Cal. Civ. Proc. Code § 425.55(3), California imposed a "high-frequency litigant fee" requiring high-frequency litigants to pay a $1,000 filing fee at the time of the filing of the initial complaint in addition to the standard filing fees. Cal. Gov't Code § 70616.5. California law also requires complaints filed by high-frequency litigants to allege certain additional facts, including whether the action is filed by, or on behalf of, a high-frequency litigant, the number of construction-related accessibility claims filed by the high-frequency litigant in the preceding 12 months, the high-frequency litigant plaintiff's reason for being in the geographic area of the defendant's business, and the reason why the high-frequency litigant plaintiff desired to access the defendant's business. *See* Cal. Civ. Proc. Code § 425.50(a)(4)(A). According to plaintiff's Response to the Court's Order to Show Cause, plaintiff falls within the definition of a high-frequency litigant.

### III.    Supplemental Jurisdiction

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1)    the claim raises a novel or complex issue of State law,
>
> (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)    the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08477-RGK (Ex) | Date | October 23, 2019 |
|---|---|---|---|
| Title | Carmen John Perri v. Turners Outdoors Inc. et al. | | |

28 U.S.C. § 1367(c). The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73, 118 S. Ct. 523, 533, 139 L. Ed. 2d 525 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S. Ct. 614, 623, 98 L. Ed. 2d 720 (1988)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

District courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors" including "the circumstances of the particular case, that nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago*, 522 U.S. at 173, 118 S. Ct. at 534, 139 L. Ed. 2d 525. The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Cohill*, 484 U.S. at 350, 108 S. Ct. at 619, 98 L. Ed. 2d 720).

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)-(3), *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances." *Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994). According to the Ninth Circuit, this "inquiry is not particularly burdensome." *Id.* When declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying *Gibbs* values are best served by declining jurisdiction in the particular case (the compelling reasons)." *Id.*

**IV.    The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Unruh Act Claim**

Because California's heightened pleading standards and increased filing fees do not apply in federal court, plaintiffs can circumvent the restrictions California has imposed on Unruh Act claims alleging construction-related accessibility claims simply by relying on § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims in federal court when they combine an Unruh Act claim with an ADA claim for injunctive relief. The number of construction-related accessibility claims filed in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08477-RGK (Ex) | Date | October 23, 2019 |
|---|---|---|---|
| Title | Carmen John Perri v. Turners Outdoors Inc. et al. | | |

Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions.[1]

By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act. By filing these actions in federal court, plaintiff has evaded these limits and sought a forum in which plaintiff can claim these state law damages in a manner inconsistent with the state law's requirements. This situation, and the burden the ever-increasing number of such cases poses to the federal courts, presents "exceptional circumstances" and "compelling reasons" that justify the Court's discretion to decline to exercise supplemental jurisdiction over plaintiff's Unruh Act claim in this action under 28 U.S.C. § 1367(c)(4).

Declining to exercise supplemental jurisdiction over plaintiff's Unruh Act claim in these circumstances supports the values of judicial economy, convenience, fairness, and comity:

> As a high-frequency litigant, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim.

*Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017); *see also Gibbs*, 383 U.S. at 726, 86 S. Ct. at 1139, 16 L. Ed. 2d 218. Although some plaintiffs and their counsel have argued that they file in federal court not to evade California's restrictions, but because of the quality of the judges, the ease of the ECF system for filing, and the prevalence of federal ADA decisional authority, the Court finds that such arguments are unpersuasive and belied by the recent nature of the dramatic increase in the filing of such cases in federal court. Indeed, those reasons, if true, do not explain why nearly 9 times more construction-related accessibility actions are being filed in the Central District in 2019 than were filed in 2013. *See Schutza v. Alessio Leasing, Inc.* (*Alessio Leasing*) CV 18-2154 LAB (AGS), 2019 WL 1546950, at *3 (S.D. Cal. Apr. 8, 2019); *see also Schutza*, 262 F. Supp. 3d at 1031 ("It is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in

---

[1] According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed. Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District has increased in each year since California acted to limit the filings by high-frequency litigants, reaching 1,670 (12% of civil cases) in 2017, 1,670 (18% of civil cases) in 2018, and 1,868 cases (24% of civil cases) in the first six months of 2019.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08477-RGK (Ex) | Date | October 23, 2019 |
|---|---|---|---|
| Title | Carmen John Perri v. Turners Outdoors Inc. et al. | | |

federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act."). "Federal courts may properly take measures to discourage forum-shopping, and here, where Plaintiff has filed over one hundred disability discrimination cases, and settled more than fifty of them in a two-year period, the Court finds this to be a compelling reason to decline supplemental jurisdiction." *Schutza*, 262 F. Supp. 3d at 1031 (citing *Hanna v. Plumer*, 380 U.S. 460, 467-68, 85 S. Ct. 1136, 1142, 14 L. Ed. 2d 8 (1965)).

The Court therefore concludes that "exceptional circumstances" and "compelling reasons" support the Court's decision to decline to exercise supplemental jurisdiction over plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c)(4). The Court further concludes that plaintiff's Unruh Act claim substantially predominates over the ADA claim for purposes of 28 U.S.C. § 1367(c)(2). *See id.* at 1030 ("[Plaintiff's] nine allegations, if proven, would entitle Plaintiff to a minimum monetary award of $36,000. In contrast, under the ADA, Plaintiff would only be entitled to injunctive relief."); *see also Reyes v. Flourshings Plus, Inc.*, CV 19-261 JM (EVG), 2019 WL 1958284, at *2 (S.D. Cal. May 2, 2019) ("The monetary damages Plaintiff seeks under the Unruh Act, [Disabled Persons Act], and California common law substantially predominate over his request for injunctive relief under the ADA."); *id.* at *3 ("Plaintiff's prior litigation of lawsuits in this district further supports that he primarily seeks monetary rather than injunctive relief. Most often, [Plaintiff] settles and/or voluntarily dismisses his cases with prejudice before or shortly after an answer is filed.").

Exercising the Court's discretion to decline supplemental jurisdiction does not deprive plaintiff of any remedies. Nor does it allow an ADA claim for injunctive relief to go unaddressed. The ADA claim remains pending in this Court. Whatever inefficiencies are created by the Court's decision to decline to exercise supplemental jurisdiction are problems created by plaintiff's filing of this action in federal court rather than in a state court:

> [T]here is no relief available to [plaintiff] in federal court that could not be secured in state court. Had he brought this suit in state court, there would have been only one suit pending and he would have been eligible to receive every form of relief he seeks: an injunction, money damages, and attorney's fees. By being "inefficient" and declining to exercise supplemental jurisdiction over his state claim, this Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants. If that results in occasional inefficiency, it's a worthwhile tradeoff.

*Alessio Leasing*, 2019 WL 1546950, at *4. The Court additionally notes that if plaintiff legitimately seeks to litigate this action in a single forum, plaintiff may dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions. Finally, by declining to exercise supplemental jurisdiction, the Court is merely restoring the balance Congress struck when it enacted the ADA and provided a private right of action for injunctive relief and an award of attorneys' fees, but did not allow for the recovery of statutory damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08477-RGK (Ex) | Date | October 23, 2019 |
|---|---|---|---|
| Title | Carmen John Perri v. Turners Outdoors Inc. et al. | | |

**V.      Conclusion**

      For all of the foregoing reasons, the Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's Unruh Act claim.  The Court therefore dismisses that claim without prejudice.  *See* 28 U.S.C. §§ 1367(c)(2) & (c)(4).

      **IT IS SO ORDERED**.