C. D. Michel - SBN 144258
Joshua Robert Dale - SBN 209942
Konstadinos T. Moros - 306610
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
jdale@michellawyers.com
kmoros@michellawyers.com

Attorneys for Defendant
Turner's Outdoors, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARMEN JOHN PERRI,<br><br>    Plaintiff,<br><br>    vs.<br><br>TURNER'S OUTDOORS INC., a California corporation; BRIAN C. DONALDSON AND KAREN D. DONALDSON, individually and as trustees of the BRIAN C. AND KAREN E DONALDSON FAMILY TRUST DATED AUGUST 30, 1983; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO.: 2:19-cv-08477 RGK (Ex)<br><br>ANSWER OF DEFENDANT TURNER'S OUTDOORS INC. TO COMPLAINT<br><br>Judge: R. Gary Klausner<br><br>Action Filed: October 1, 2019 |

Defendant TURNER'S OUTDOORS, INC., by and through the undersigned counsel, in paragraphs that correspond to the numbered paragraphs in the Complaint, hereby answers Plaintiff's Complaint, and alleges as follows:

PARTIES

1. In response to Paragraph 1 of the Complaint, whether or not the Plaintiff qualifies as a member of a protected class under the ADA constitutes a legal conclusion that requires no response; to the extent a response may be required, Defendant denies the allegations. Moreover, as to Plaintiff's factual allegations, Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations, and on that basis, denies each and every allegation.

2. In response to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

3. In response to Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

4. In response to Paragraph 4 of the Complaint, Defendant denies each and every allegation.

5. In response to Paragraph 5 of the Complaint, Defendant denies each and every allegation.

6. In response to Paragraph 6 of the Complaint, as to the allegations of a joint venture and common enterprise, Defendant denies the allegations. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies each and every allegation.

## JURISDICTION

7. In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument. On that basis, Defendant denies each and every allegation.

8. In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument. On that basis, Defendant denies each and every allegation.

9. In response to Paragraph 9 of the Complaint, Defendant admits only that 2201 E. Willow Street, Signal Hill, CA 90755 is located in the Central District of California. As to the remaining allegations, Defendant is not required to answer legal conclusions and argument. On that basis, Defendant denies each and every allegation.

## FACTUAL ALLEGATIONS

10. In response to Paragraph 10 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

11. Admitted.

12. In response to Paragraph 12 of the Complaint, Defendant admits only that there are parking spaces serving the business. As to the remaining allegations, Defendant is not required to answer legal conclusions and argument. On that basis, Defendant denies each and every allegation.

13. In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument. As to all other allegations, Defendant denies each and every one of them.

14. In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument. As to all other allegations, Defendant denies each and every one of them.

15. In response to Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument. As to all other allegations, Defendant denies each and every one of them.

16. In response to Paragraph 16 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

17. In response to Paragraph 17 of the Complaint, Defendant denies each and every allegation.

18. In response to Paragraph 18 of the Complaint, Defendant is not required to answer legal conclusions and argument. As to all other allegations, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

19. In response to Paragraph 19 of the Complaint, Defendant is not

required to answer legal conclusions and argument. As to all other allegations, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

20. In response to Paragraph 20 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

21. In response to Paragraph 21 of the Complaint, insofar as Plaintiff alleges Defendant is actively deterring Plaintiff from patronizing their business, Defendant denies those allegations. As to all other allegations, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

22. In response to Paragraph 22 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

23. In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation.

24. In response to Paragraph 24 of the Complaint, as to other defendants, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them. As to all other allegations, Defendant denies each and every one of them.

25. In response to Paragraph 25 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

26. In response to Paragraph 26 of the Complaint, Defendant is not required to answer legal conclusions and argument. As to all other allegations, Defendant denies each and every allegation.

27. In response to Paragraph 27 of the Complaint, Defendant is not required to answer legal conclusions and argument. As to all other allegations,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

## FIRST CAUSE OF ACTION

## AMERICANS WITH DISABILITIES ACT, 41 U.S.C. §12181

28. In response to Paragraph 28 of the Complaint, Defendant incorporates its responses to the previously alleged paragraphs of the Complaint.

29. In response to Paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument. Insofar as the Plaintiff is citing the Americans with Disabilities Act and/or any other statutes, Defendant admits they speak for themselves, and denies any and all remaining allegations.

30. In response to Paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument. Insofar as the Plaintiff is citing the Americans with Disabilities Act and/or any other statutes, Defendant admits they speak for themselves, and denies any and all remaining allegations.

31. In response to Paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument. Insofar as the Plaintiff is citing the Americans with Disabilities Act and/or any other statutes, Defendant admits they speak for themselves, and denies any and all remaining allegations.

32. In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument. Defendant denies any and all remaining allegations.

33. In response to Paragraph 33 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to whether the Plaintiff will continue to desire to patronize their business, and on that basis denies them. Defendant denies any and all remaining allegations.

## SECOND CAUSE OF ACTION

## UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE §51

34. In response to Paragraph 34 of the Complaint, Defendant incorporates its responses to the previously alleged paragraphs of the Complaint.

35. In response to Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument. Insofar as the Plaintiff is citing the Unruh Civil Rights Act and/or any other statutes, Defendant admits they speak for themselves, and denies any and all remaining allegations.

36. In response to Paragraph 36 of the Complaint, Defendant is not required to answer legal conclusions and argument. Defendant denies any and all remaining allegations.

37. In response to Paragraph 37 of the Complaint, Defendant is not required to answer legal conclusions and argument. Defendant denies any and all remaining allegations.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff lacks standing to pursue his alleged claims.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred to the extent that they are based on alleged denials of benefits more than two years prior to the date the Complaint was filed.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are moot.

## FIFTH AFFIRMATIVE DEFENSE

5. This Court lacks supplemental jurisdiction over Plaintiff's state law claims.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred because, with respect to any particular architectural element of the property that departs from accessibility guidelines, the property has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred because the claimed violations are "de minimis," and nonactionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks pursuant to the ADA in the building built before January 26, 1993 are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20 percent of the entire "alteration."

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims that the facilities were designed in violation of the ADA, Title 24, and/or the Unruh Civil Rights Act are barred to the extent the premises were designed and constructed prior to the effective date of the ADA, Title 24, and/or the Unruh Civil Rights Act or their regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant has made good faith efforts to comply with the ADA and

the Unruh Act, including providing appropriate alternative access.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff has failed to mitigate his damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims under the Unruh Act are barred to the extent that they interfere with Defendant's compliance with laws and regulations that are equally applicable to all persons.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The imposition of statutory minimum damages in this matter would violate Defendant's Eighth Amendment protection against excessive fines in violation of the California Constitution and the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The imposition of punitive damages in this matter would violate Defendant's right to due process of law in violation of the California Constitution and the United States Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendant is not legally responsible for property that is not within its possession, custody or control.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred because Plaintiff failed to provide any notice to Defendant regarding the alleged accessibility issues prior to filing this lawsuit.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred under the doctrine of laches.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Defendant alleges that the damages, if any, suffered by Plaintiff were proximately caused in whole or in part by the wrongful and/or negligent acts, conduct or omissions of other parties, including, Plaintiff, other named Defendants,

and other parties, and not by any wrongdoing or negligence on the part of Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Defendant has not knowingly or intentionally waived any applicable defense or affirmative defense. Defendant reserves the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend the Answer, defenses, and/or affirmative defenses accordingly. Defendant further reserves the right to amend the Answer to delete defenses and/or affirmative defenses that Defendant determines are not applicable after subsequent discovery.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

## PRAYER

WHEREFORE, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff take nothing by way of his Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper

Dated: November 5, 2019        MICHEL & ASSOCIATES, P.C.

_____
C.D. Michel,
Konstadinos T. Moros
Attorneys for Defendant

# CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Perri v. Turner's Outdoors Inc.*
Case No.: 2:19-cv-08477 RGK (Ex)

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

    I am not a party to the above-entitled action. I have caused service of:

**ANSWER OF DEFENDANT TURNER'S OUTDOORS INC. TO COMPLAINT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

| | |
|---|---|
| Joseph R. Manning, Jr. | Brian C. Donaldson |
| MANNING LAW, APC | Karen D. Donaldson |
| 20062 S W Birch St., Ste 200 | 215 Rivo Alto Canal |
| Newport Beach, CA 92660 | Long Beach Ca 90803 |
| DisabilityRights@manninglawoffice.com | |

    I declare under penalty of perjury that the foregoing is true and correct.

Executed November 5, 2019.

_____
TIFFANY HARBER